UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMTEL TELCOM ASSETS LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-0172-G |
| ALVAREZ & MARSAL, INC., ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Alvarez & Marsal, Inc., Alvarez & Marsal Business Consulting, LLC, Alvarez & Marsal Holdings, LLC, and Alvarez & Marsal, LLC (collectively, "A&M" or "the defendants"), for referral of this case to the bankruptcy court. For the reasons discussed below, the motion is granted.

I. BACKGROUND

A. Factual Background

The plaintiff, Comtel Telcom Assets LP ("Comtel"), purchased assets from the bankruptcy estate of VarTec Telecom, Inc. ("VarTec") and certain of its affiliates in an asset sale approved by the United States Bankruptcy Court for the Northern

District of Texas. Memorandum in Support of Defendants' Motion for Referral to the Bankruptcy Court ("Motion") at 1. Now, the plaintiff complains that it did not "get what it bargained for when it entered into the contract, the Asset Purchase Agreement (the "APA"), with VarTec." *Id.* VarTec and its other affiliaites who have filed for bankruptcy under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Chapter 11") currently have their bankruptcy proceedings pending before the Honorable Harlin D. Hale of the Northern District of Texas Bankruptcy Court. *Id.* at 2.

The defendants became involved in this case when VarTec filed a motion with the bankruptcy court seeking "to authorize the retention of A&M to make available certain individuals to serve as the Debtors' restructuring officers." *Id.* The court granted the motion and A&M appointed a chief restructuring officer, chief operations officer, and chief financial officer for VarTec and its other affiliates in bankruptcy. Through these roles, the defendants "made and operational decisions on VarTec's behalf." Plaintiff's Response and Memorandum in Opposition to Defendants' Motion for Referral to the Bankruptcy Court ("Response") at 2. Comtel argues that some of the decisions made by the defendant violated the APA. Specifically, Comtel argues that the defendants mismanaged VarTec's assets during the period between the court's approval of the sale and the final closing. *Id.* at 3. Comtel contends that during this period, the defendants failed to preserve the assets. *Id.* Comtel asserts

that when it bought VarTec's assets, it based that decision upon the defendants' representations that they had maintained and would continue to maintain VarTec's assets, including during the interim between approval and closing. *Id.* at 4. After the final closing, however, Comtel discovered that VarTec had incurred approximately $10,000,000.00 in telecommunications services during the interim period, none of which had been pre-paid. *Id.* ComTel became obligated to pay this amount. *Id.* It now seeks to recover the losses due to the defendants' alleged mismanagement.

B. Procedural Background

The plaintiff originally filed its complaint in the United States District Court for the Western District of Texas. *Id.* at 4. The defendants moved to transfer venue from the Western District to the Northern District of Texas. *Id.* The court granted that motion, reasoning that "the connection between this action and the Debtors' bankruptcy currently pending in the Northern District of Texas" merited the transfer. Motion at 6. The court stated that "the bankruptcy court is familiar with the underlying facts and law that will govern this case." *Id.* The defendants now seek to refer this case to the bankruptcy court.

II. ANALYSIS

According to 28 U.S.C. § 157(a), each district court may provide that proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. The Northern District of Texas

has so provided.  LOCAL RULE OF THE NORTHERN DISTRICT OF TEXAS CONCERNING BANKRUPTCY CASES AND PROCEEDINGS, MISCELLANEOUS ORDER NO. 33.  Here, the defendants argue this case should be transferred to the bankruptcy court because it is a "core proceeding."  Motion at 7.  A core proceeding is "core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).  In support of their argument that this case is a "core proceeding," the defendants cite *In re Southmark Corporation*, 163 F.3d 925 (5th Cir.), *cert. denied*, 527 U.S. 1004 (1999).  Motion at 7.  In *Southmark*, the Fifth Circuit stated that "[a] *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors."  *Southmark*, 163 F.3d at 931.  The court continued that "[t]he bankruptcy court must be able to assure itself and the creditors who rely on the process that court-approved managers of the debtor's estate are performing their work, conscientiously and cost-effectively."  *Id.*  This reasoning led the court to conclude that "professional malpractice claims against court-appointed professionals are indeed core matters."  *Id.* at 932.

Here, the plaintiff claims that the defendants--court appointed professionals--did not properly carry out the duties assigned to them by the Honorable Harlin D.

Hale. Thus, based on the language in *Southmark*, the court concludes that this is a "core proceeding," which, under Miscellaneous Order No. 33 of the Northern District of Texas, must be referred to the bankruptcy court. Further, the court is persuaded by the defendants' argument that the bankruptcy court is already familiar with the facts of this case. Motion at 1-2. Refusing to refer this case would unnecessarily require this court to learn the facts and history of this case, resulting in a waste of judicial resources. The defendants' motion for referral to the bankruptcy court is therefore granted.

### III.  CONCLUSION

For the reasons discussed above, the defendants' motion for referral to the bankruptcy court is **GRANTED**.

**SO ORDERED**.

August 5, 2009.

*[signature]*
A. JOE FISH
**Senior United States District Judge**